UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LAVELLE MALONE,

           Plaintiff,

              v.                           CAUSE NO. 3:22-CV-274-JD-MGG

L. IVERS, et al.,

           Defendants.

<u>OPINION AND ORDER</u>

Lavelle Malone, a prisoner without a lawyer, filed a complaint. ECF 2. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Malone alleges he was stabbed on the left side of his face above his eye by another inmate at the Miami Correctional Facility on August 28, 2021. He was taken to medical. Once there, he was placed on a stretcher and handcuffed. L. Ivers and an unknown doctor were then "contacted." ECF 2 at 3. Malone asked two unknown nurses to help him several times. Despite the fact that he was "profusely bleeding" and in "great pain," they refused. They did not give him pain medication or attempt to stop

the bleeding in any way. Instead, they simply told him they "had to call the unknown doctor to approve me to ride in an ambulance so I could go to an outside hospital for treatment." *Id.* at 3–4. After an hour and a half without any treatment, he was flown by a Lifeline Helicopter to a hospital in Indianapolis where he received care for his injuries. He has sued L. Ivers, the medical service administrator, John Doe, the unknown doctor, two Jane Does, the unknown nurses, and Centurion, the medical provider at the Miami Correctional Facility, for monetary damages.

Inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability for claims of inadequate medical care under the Eighth Amendment, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). On the subjective prong, "conduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). "[N]egligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to establish an Eighth Amendment violation. *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th

Cir. 2020). Additionally, inmates are "not entitled to demand specific care." *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019). Nor are they entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Rather, they are entitled to "reasonable measures to meet a substantial risk of serious harm." *Id*. In effect, the Eighth Amendment "protects prisoners from . . . grossly inadequate medical care." *Gabb v. Wexford Health Sources, Inc.*, 945 F.3d 1027, 1033 (7th Cir. 2019) (citation omitted).

Here, it can be inferred Malone's stab wound was objectively serious. Moreover, he has alleged he personally requested care multiple times—including pain medication for the significant pain he claims to have been in and bandages to stop the bleeding—directly from the two unnamed nurses, but they essentially ignored his requests for an hour and a half before he was transported to the hospital. Further fact finding may show their actions were objectively reasonable under the circumstances, but—giving Malone the benefit of the inferences to which he is entitled at this stage—he has stated plausible claims against them.

As to the unnamed doctor and L. Ivers, Malone states they were deliberately indifferent to his needs and intentionally delayed his care. However, the only fact he provides to support those conclusory allegations is that they were "contacted" once Malone arrived at medical. It is not clear whether they were ever present during the incident, what they were told about it, or what they personally did in response to it. Malone claims the unnamed nurses told him they needed the unnamed doctor's approval before he could be transported to the hospital, but he does not plausibly allege

3

the doctor failed to reasonably respond—especially since he admits he was transported to an outside hospital for care an hour and a half after he arrived at medical. These sparse allegations are insufficient to state a plausible claim against L. Ivers or the unnamed doctor. *See generally Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011) (noting that a plaintiff "must plead some facts that suggest a right to relief that is beyond the speculative level") (internal quotation marks and citation omitted); *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602 (7th Cir. 2009) (claim must have "facial plausibility" to survive dismissal); *see also Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018) and *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009) (both noting that liability under 42 U.S.C. § 1983 is based on personal responsibility and defendants cannot be held liable for the misdeeds of other staff). Thus, these defendants will be dismissed from this lawsuit.[1]

Finally, Malone has sued Centurion, the company responsible for medical care at the Miami Correctional Facility. Centurion cannot be held liable solely because it employed medical staff involved in Malone's care. *J.K.J. v. Polk Cty.*, 960 F.3d 367, 377 (7th Cir. 2020). A private company performing a public function can be sued under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), but such entities "cannot be held liable for the unconstitutional acts of their employees unless those acts were carried out pursuant to an official custom or policy." *Grieveson v. Anderson*, 538

---

[1] That said, if information demonstrating their liability becomes available—and Malone believes he can state a claim against them based on (and consistent with) the events described in this complaint—he may seek to amend his complaint pursuant to the Federal and Local Rules. *See* Fed. R. Civ. P. 15 and N.D. Ind. L.R. 15-1.

F.3d 763, 771 (7th Cir. 2008) (citations omitted). The purpose of this requirement is to "distinguish between the isolated wrongdoing of one or a few rogue employees and other, more widespread practices." *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 654 (7th Cir. 2021). "At the pleading stage . . . a plaintiff pursuing [a *Monell*] theory must allege facts that permit the reasonable inference that the practice is so widespread so as to constitute a governmental custom." *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017). Additionally, the plaintiff must allege that an official policy "was the 'moving force' behind his constitutional injury." *Dixon v. Cty. of Cook*, 819 F.3d 343, 348 (7th Cir. 2016).

Here, Malone states Centurion's "policies on training all named defendants to respond reasonably to plaintiff's serious medical need[s] are inadequate and pervasive." ECF 2 at 6. However, he does not describe those policies or provide any details to support such an assertion. Instead, he describes alleged wrongdoing by the nurses and/or doctors responsible for his care. Isolated instances of wrongdoing by a few employees cannot form the basis of a *Monell* claim. *Howell*, 987 F.3d at 654.[2] Therefore, the claims against this corporate defendant will be dismissed.

---

[2] To the extent Malone is attempting to assert a failure to train claim, he has not plausibly done so. Failure to train claims can arise from an entity's "policy of inaction" only where that entity has "notice that its program will cause constitutional violations." *J.K.J. v. Polk County*, 960 F.3d 367, 378 (7th Cir. 2020) (citations omitted). In such cases, "rigorous standards of culpability and causation must be applied to ensure that the [entity] is not held liable solely for the actions of its employee." *Id.* (citation omitted). Malone has not pled any facts to plausibly suggest Centurion's failure to train its employees caused his constitutional injury.

However, as noted above, Malone does not know the identity of the two nurses who allegedly denied him medical care. "There's nothing wrong with suing placeholder defendants, then using discovery to learn and substitute names. This is done all the time." *Rodriguez v. McCloughen*, 49 F.4th 1120, 1121 (7th Cir. 2022) (citations omitted). That said, "a plaintiff who uses placeholders must take account of the clock: substitution must be completed before the statute of limitations expires." *Id*. To facilitate this process, Centurion will remain as a defendant for the sole purpose of identifying "Jane Doe Nurse #1" and "Jane Doe Nurse #2." Once the nurses are identified, Centurion will be dismissed from the case. Ultimately, it will be Malone's obligation to amend his complaint to identify these individuals by name so they can be served with process. *See e.g. Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995).

For these reasons, the court:

(1) GRANTS Lavelle Malone leave to proceed against Jane Doe Nurse #1 and Jane Doe Nurse #2 in their individual capacities for compensatory and punitive damages for being deliberately indifferent to the stab wound above his left eye on August 28, 2021, in violation of the Eighth Amendment;

(2) DISMISSES all other claims, including those against Centurion;

(3) DISMISSES L. Ivers and John Doe Doctor;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Centurion Health of Indiana, LLC, at Centurion Health of Indiana, LLC, with a copy of this order and the complaint (ECF 2);

(5) ORDERS Centurion Health of Indiana, LLC, to file and serve a Notice by **January 19, 2023**, with the names of "Jane Doe Nurse #1" and "Jane Doe Nurse #2," who were working in the Phase II infirmary of the medical unit at the Miami Correctional Facility around 10:30 PM on August 28, 2021, <u>OR</u> a statement explaining why they could not be identified; and

(6) ORDERS Lavelle Malone to file an amended complaint naming the correct nurses as defendants within thirty days of being served with the Notice described above.

SO ORDERED on December 7, 2022

/s/ JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT