UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LAVELLE MALONE,

    Plaintiff,

    v.                                     CAUSE NO. 3:22-CV-274-JD-JPK

JENNY McKINNEY, et al.,

    Defendants.

## OPINION AND ORDER

Lavelle Malone, a prisoner without a lawyer, filed an amended complaint. ECF 19. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Malone alleges he was stabbed on the left side of his face above his eye by another inmate at the Miami Correctional Facility on August 28, 2021. He was taken to medical. Once there, he was placed on a stretcher and handcuffed. Malone asked Nurse Jenny McKinney and Nurse Sakiru Taiwo Adetunji to help him several times. Despite the fact that he was "profusely bleeding" and in "great pain," they refused. ECF 19 at 2, 3. They did not give him pain medication or attempt to stop the bleeding in any way.

Instead, they simply told him they "had to call the unknown doctor to approve me to ride in an ambulance so I could go to an outside hospital for treatment." *Id*. After an hour and a half without any treatment from Nurse McKinney or Nurse Adetunji, he was flown by a Lifeline Helicopter to a hospital in Indianapolis where he received care for his injuries. He has sued Nurse McKinney and Nurse Adetunji for compensatory and punitive damages.

Inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability for claims of inadequate medical care under the Eighth Amendment, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). On the subjective prong, "conduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). "[N]egligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to establish an Eighth Amendment violation. *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020). Additionally, inmates are "not entitled to demand specific care." *Walker v.

*Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019). Nor are they entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Rather, they are entitled to "reasonable measures to meet a substantial risk of serious harm." *Id*. In effect, the Eighth Amendment "protects prisoners from . . . grossly inadequate medical care." *Gabb v. Wexford Health Sources, Inc.*, 945 F.3d 1027, 1033 (7th Cir. 2019) (citation omitted).

Here, it can be inferred Malone's stab wound was objectively serious. Moreover, he has alleged he personally requested care multiple times—including pain medication for the significant pain he claims to have been in and bandages to stop the bleeding—directly from Nurse McKinney and Nurse Adetunji, but they essentially ignored his requests for an hour and a half before he was transported to the hospital. Further fact finding may show their actions were objectively reasonable under the circumstances, but—giving Malone the benefit of the inferences to which he is entitled at this stage—he has stated plausible claims against them.

For these reasons, the court:

(1) GRANTS Lavelle Malone leave to proceed against Jenny McKinney, RN, and Nurse Sakiru Taiwo Adetunji in their individual capacities for compensatory and punitive damages for being deliberately indifferent to the stab wound above his left eye on August 28, 2021, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to

locate and serve process on) Jenny McKinney, RN, at Centurion Health of Indiana, LLC, with a copy of this order and the amended complaint (ECF 19);

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Nurse Sakiru Taiwo Adetunji at Westways Staffing Services, Inc., 790 The City Dr. S, Ste 180 Orange, CA 92868, with a copy of this order and the amended complaint (ECF 19);

(5) ORDERS Centurion Health of Indiana, LLC, and Westways Staffing Services, Inc. to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Jenny McKinney, RN, and Nurse Sakiru Taiwo Adetunji to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on February 8, 2023

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT