UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LAVELLE MALONE,<br><br>Plaintiff,<br><br>v.<br><br>JENNY MCKINNEY, et al.,<br><br>Defendants. | CAUSE NO. 3:22-CV-274-JD-JPK |

OPINION AND ORDER

Lavelle Malone, a prisoner without a lawyer, is proceeding in this case against Nurse Jenny McKinney and Nurse Sakiru Taiwo Adetunji "in their individual capacities for compensatory and punitive damages for being deliberately indifferent to the stab wound above his left eye on August 28, 2021, in violation of the Eighth Amendment[.]" ECF 13 at 6. Nurse McKinney filed a motion for summary judgment, arguing Malone did not exhaust his administrative remedies before filing this lawsuit. ECF 39. Malone filed a response, and Nurse McKinney filed a reply. ECF 52, 53, 54, 67. Nurse Adetunji filed a separate motion for summary judgment, arguing summary judgment is warranted in his favor for the same reasons outlined in Nurse McKinney's summary judgment motion. ECF 57. Malone filed a response and Nurse Adetunji filed a reply. ECF 61, 62, 63, 66. Malone also filed an authorized sur-response, along with two additional responses to the summary judgment motions. ECF 70, 73, 74. Both summary judgment motions are now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted *must* be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "[t]o exhaust remedies, a prisoner must file

complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

Malone provides evidence showing the following facts: On August 30, 2021, Malone submitted a grievance complaining he received inadequate medical care after he was stabbed on August 28, 2021. ECF 52-1 at 9-10. On September 13, 2021, Malone sent a letter to the Grievance Specialist informing him he had submitted a grievance on August 30 and had not received any receipt or response. *Id.* at 11. On September 23, 2021, the grievance office sent Malone a receipt noting his August 30 grievance had been accepted and logged as Grievance 132851. *Id.* at 12. The receipt informed Malone that the grievance office's response to Grievance 132851 was due by October 18, 2021. *Id.* On October 18, 2021, Malone sent a letter to the Grievance Specialist informing him he had received the receipt for Grievance 132851 but had not received a response by the October 18 deadline and requesting a grievance appeal form. *Id.* at 13. That same day, the grievance office issued an "Offender Grievance Response Report" denying Grievance 132851 on its merits. *Id.* at 14. Malone received the Offender Grievance Response Report the next day. *Id.* On October 31, 2021, Malone sent a letter to the Grievance Specialist noting he had received the Offender Grievance Response Report on October 19 and wanted to appeal the response. *Id.* at 15. The Grievance Specialist responded that Malone needed to sign and return the "Offender Grievance Response Report" in order to request an appeal form. *Id.* On November 2, 2021, Malone returned the signed Offender Grievance Response Report to the Grievance Specialist in order to request an appeal form. *Id.* at 16. On November 4, 2021, the Grievance Specialist issued

a response rejecting Malone's request for an appeal form as untimely, as he did not submit it within five business of receiving the Offender Grievance Response Report on October 19. *Id.* at 17.

Here, the undisputed facts show the Grievance Specialist properly rejected Malone's request for an appeal form as untimely. Specifically, the Offender Grievance Process provides that:

> If the offender is dissatisfied with the grievance response, they may appeal the response by completing the appropriate sections of State Form 45473, "Grievance Appeal." The completed State Form 45473, and any additional information, shall be submitted to the Offender Grievance Specialist within five (5) business days after the date of the grievance response. The submission of State Form 45473 shall serve as notice that the offender wants to appeal to the Warden/designee's office.

ECF 39-1 at 12. It is undisputed Malone received the Offender Grievance Response Report denying Grievance 132851 on October 19, 2021. ECF 52-1 at 14. After receiving the report, Malone waited until October 31, 2021, to request a grievance appeal form. *Id.* at 15. The undisputed facts therefore show that Malone waited more than five business days after he received the Offender Grievance Response Report to request an appeal form, making his request for an appeal form untimely. While Malone provides evidence he requested an appeal form on October 18, *before* he received the Offender Grievance Response Report, the Offender Grievance Process does not allow an inmate to appeal

4

before he receives a response to his grievance. *See* ECF 39-1 at 12 (an inmate may submit an appeal "[i]f [he] is dissatisfied with the grievance response").[1]

In his response, Malone argues his administrative remedies were unavailable because he submitted Grievance 132851 on August 30, 2021, but did not receive a response to the grievance until October 19, 2021. However, this was a proper application of the Offender Grievance Process. Specifically, the Offender Grievance Process provides that, "If an offender does not receive either a receipt or a rejected form from the Offender Grievance Specialist within ten (10) business days of submitting it, the offender shall notify the Offender Grievance Specialist of that fact (retaining a copy of the notice) and the Offender Grievance Specialist shall investigate the matter and respond to the offender's notification within ten (10) business days." ECF 39-1 at 9. Malone complied with this requirement by submitting written notice to the Grievance Specialist on September 13, 2021, notifying him he had not received a receipt or response to his August 30 grievance. The Grievance Specialist likewise complied with this requirement by investigating the matter, recording the grievance, issuing a receipt for the grievance on September 23, and issuing a response to the grievance by the October 18 deadline. ECF 52-1 at 12, 14. Because the Grievance Specialist responded appropriately to Malone's written notice and then timely responded to the grievance,

---

[1] The Offender Grievance Process does allow an inmate to submit an appeal if he "receives no grievance response within twenty (20) business days of the Offender Grievance Specialist's receipt of the grievance[.]" ECF 39-1 at 12. But that was not the case here, as the Grievance Specialist received Grievance 132851 on September 23, 2021, and issued his response less than twenty business days later on October 18, 2021.

5

the delay in recording Grievance 132851 did not make the grievance process unavailable to Malone.

Accordingly, the undisputed facts show Malone did not fully exhaust any grievance before filing this lawsuit, and Malone has not provided any evidence showing his administrative remedies were unavailable. The defendants have therefore met their burden to show Malone had available administrative remedies he did not exhaust before filing this lawsuit. Summary judgment is warranted in their favor.

For these reasons, the court:

(1) GRANTS Nurse McKinney's motion for summary judgment (ECF 39) and Nurse Adetunji's motion for summary judgment (ECF 57);

(2) DISMISSES this case without prejudice pursuant to 42 U.S.C. § 1997(e)(a); and

(3) DIRECTS the clerk to enter judgment in favor of the defendants and against Lavelle Malone and to close this case.

SO ORDERED on November 8, 2023

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT